IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

INTERNATIONAL SHIPPING AGENCY, INC.,

**Petitioner**

v.

LUIS MALAVE-TRINIDAD, et al.,

**Respondent(s)**

**Civil No.** 10-1627 (JAG)

**OPINION AND ORDER**

Before the Court are Petitioner International Shipping Agency's Objections to the Magistrate Judge's Report and Recommendation. (Docket No. 17). Petitioner objects to the Magistrate Judge's recommendation to deny summary judgment and vacate an arbitration award. For the reasons set forth, the Court adopts the Magistrate Judge's Report and Recommendation and denies Defendant's Motion for Summary Judgment.

**FACTUAL BACKGROUND**

We convey only the facts necessary to address Petitioner International Shipping Agency's Objections to the Magistrate Judge's Report and Recommendation.

International Shipping Agency (hereinafter "International"), a stevedoring company in San Juan, is a party to a collective bargaining agreement (hereinafter "CBA") with

Unión de Empleados de Muelles de Puerto Rico, Local 191, ILA (hereinafter the "Union"). At least once a week International Shipping sends the Union a report listing Union employees' absences during a given time period; this report is called a "recap". Resting on provisions of the CBA, International suspended five Union employees charged with several absences, and whose absences had been recorded in the recap. The Union grieved and initiated arbitration. The Arbitrator struck down the suspensions as unjustified and upheld the Union's claims.

International subsequently moved this Court to vacate the arbitration award arguing that the Arbitrator, the Hon. Leixa Vélez Rivera, ignored the plain language of the CBA, particularly the arbitration clause. The motion for summary judgment was referred to Magistrate Judge Camille Vélez-Rive for a Report and Recommendation. (Docket No. 14).

Magistrate Judge Vélez-Rivé, upheld the arbitration award and found, in essence, that the standard to vacate an arbitration award had not been met by Petitioner. The Magistrate Judge concluded that the Arbitrator's interpretation was not reviewable under <u>McCarthy v. Citigroup Global Markets, Inc.</u>, 463 F.3d 87 (1st Cir. 2006)(holding that an arbitration award can only be disturbed only if it is (1)unfounded in reason and fact; (2)based on reasoning so palpably faulty that no judge, or group

of judges, ever could conceivably have made such a ruling, or; (3)mistakenly based on a crucial assumption that is conceitedly a non-fact). Magistrate Judge Vélez-Rivé thus recommended that Petitioner's motion for summary judgment be denied. (Docket No. 16).

Petitioner alleges several grounds for objecting to the Magistrate Judge's Report and Recommendation. First, that the Magistrate Judge and the Arbitrator erred in interpreting the CBA to compel arbitration only when the threat of a sanction looms, thus incorporating a ripeness requirement that is not contemplated in the agreement. Second, that the Magistare Judge erred by disregarding Supreme Court precedent that stands for the presumption of arbitrability of disputes not expressly mentioned in the CBA. Third, that the Magistrate Judge's Report and Recommendation is contrary to the public policy of expeditiously resolving labor disputes. Fourth, and finally, that the parties bargained for the interpretation of the CBA by an arbitrator, and not by a court, but since the Arbitrator here ignored the CBA, vacation of the award is warranted.

**STANDARD OF REVIEW**

<u>Review of Magistrate Judge's Report and Recommendation</u>

Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 503, a district court may refer dispositive

motions to a United States magistrate judge for a report and recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the [m]agistrate [j]udge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States v. Mercado Pagan, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (citing 28 U.S.C. § 636(b)(1)). If objections are timely filed, the district judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." Rivera-De-Leon v. Maxon Eng'g Servs., 283 F. Supp. 2d 550, 555 (D.P.R. 2003). A district court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Alamo Rodriguez, 286 F. Supp. 2d at 146 (citing Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). However, if the affected party fails to timely file objections, the district court can assume that they have agreed to the magistrate judge's recommendation. Id.

Review of Arbitration Award

It is well established that a federal court's review of an arbitrator's decision is extraordinarily deferential. *See* Keebler Co. v. Truck Drivers, Local 170, 247 F.3d 8, 10 (1st Cir.

2001); Wheelabrator Envirotech v. Massachusetts Laborers Dist. Council Local 1144, 88 F.3d 40, 43 (1st Cir. 1996); Service Employees Int'l Union v. Local 1199 N.E., 70 F.3d 647, 651 (1st Cir. 1995); Dorado Beach Hotel Corp. v. Unión de Trabajadores de la Industria Gastronómica de Puerto Rico, 811 F.Supp. 41, 44 (D.P.R. 1993). "Judicial review of an arbitration award is among the narrowest known in the law." Maine Cent. R.R. Co. v. Bhd. of Maintenance of Way Employees, 873 F.2d 425, 428 (1st Cir. 1989). A reviewing court generally does not hear claims of legal or factual error the way an appellate court reviews a lower court's decisions. United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38, 108 S.Ct. 364, 370 (1987); Wheelabrator, 88 F.3d at 43. Judicial review of an arbitrator's decision requires the court to consider both the CBA and the arbitral submission. Larocque v. R.W.F., Inc., 8 F.3d 95, 96 (1st Cir. 1993); El Dorado Technical Services, Inc. v. Union General De Trabajadores de Puerto Rico, 961 F.2d 317, 320 (1st Cir. 1992).

A court should uphold the arbitrator's interpretation of the CBA if, within the four corners of the CBA, there is any plausible basis for that interpretation. Wheelabrator, 88 F.3d at 44; El Dorado, 961 F.2d at 319; Dorado Beach, 811 F.Supp. at 44. A court may not overrule an arbitrator's decision merely because its interpretation of the CBA is different from the

arbitrator's. United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 599, 80 S.Ct. 1358, 1362 (1960); Boston Med. Ctr. v. Serv. Employees Int'l Union, 260 F.3d 16, 21 n. 4 (1st Cir. 2001); Labor Relations Div. of Constr. Indus. v. Int'l Bhd. of Teamsters, 29 F.3d 742, 745 (1st Cir. 1994); Dorado Beach Hotel Corp. v. Union De Trabajadores De La Industria Gastronómica De Puerto Rico, 959 F.2d 2, 4 (1st Cir. 1992). If the arbitrator is "even arguably construing or applying the contract and acting within the scope of his authority," a court may not overturn the decision, even though the court may be convinced that the arbitrator committed a serious error. Misco, 484 U.S. at 38, 108 S.Ct. at 371; Providence Journal v. Providence Newspaper Guild, 271 F.3d 16, 20 (1st Cir. 2001); Labor Relations, 29 F.3d at 745. If the CBA's language, taken in context with the surrounding circumstances, is susceptible to different meanings, a reviewing court may not meddle in the arbitrator's choice between two permissible interpretations. El Dorado, 961 F.2d at 320. If a reviewing court had the final say on the merits of an arbitrator's award, the federal policy of settling labor disputes by arbitration would be undermined. United Steelworkers, 363 U.S. at 596, 80 S.Ct. at 1360; Posadas de

Puerto Rico Associates, Inc. v. Asociación de Empleados de Casino de Puerto Rico, 821 F.2d 60, 61 (1st Cir. 1987); Dorado Beach, 811 F.Supp. at 44.

An arbitrator's decision, however, is not entitled to *carte blanche* approval. Larocque, 8 F.3d at 96-97; Dorado Beach Hotel, 959 F.2d at 4; Dorado Beach, 811 F.Supp. at 44. The arbitrator may not ignore the CBA's plain language. Misco, 484 U.S. at 38, 108 S.Ct. at 371. Only in a few exceptional circumstances is a court entitled to vacate an arbitration award. A court may intervene when the party challenging the award establishes that the award was " '(1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact.' " McCarthy v. Citigroup Global Markets, Inc., 463 F3d 87 (1st Cir. 2006) (*overruled on other grounds* in Hall Street Associates LLC v. Mattel*, Inc.*, 552 U.S. 576, 128 S.Ct. 1396 (2008)); New England Health Care Employees Union v. R.I. Legal Serv., 273 F.3d 425, 427 (1st Cir. 2001)(*quoting* Teamsters Local Union No. 42 v. Supervalu, 212 F.3d 59, 66 (1st Cir. 2000)); Wheelabrator, 88 F.3d at 43-44. The award " 'must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice.' " Eastern

Associated Coal Corp. v. United Mine Workers, 531 U.S. 57, 62, 121 S.Ct. 462, 466 (2000) (*quoting* Misco, 484 U.S. at 38, 108 S.Ct. at 371); Larocque, 8 F.3d at 97; Challenger Caribbean Corp. v. Union General De Trabajadores de Puerto Rico, 903 F.2d 857, 861 (1st Cir. 1990). The court must refuse to overturn an award unless the arbitrator acted in a manner for which neither side could have bargained. Wheelabrator, 88 F.3d at 44; Federación Central de Trabajadores v. Vaquería Tres Monjitas, Inc., 194 F.Supp.2d 61, 64-66 (D. Puerto Rico 2002).

## DISCUSSION

Petitioner's argument that the Arbitrator, and later the Magistrate Judge, erred in interpreting the arbitration clause[1] of the CBA to include a ripeness requirement, is misplaced. Ripeness is not only a rule of law, it is also a rule of reason; where there is no controversy, there is no need to litigate, or arbitrate. To read the arbitration clause of the CBA to include a ripeness requirement is not to impose on the parties a condition that is not contemplated in the agreement. Petitioner would have employees and union representatives arbitrate every

---

[1] The arbitration clause of the CBA provides:
> In case of any incident, dispute, controversy, claim regarding the interpretation of this Agreement, the Union or the Company, through their respective authorized representatives will immediately submit the controversy to an authorized representative of the Union or from the Company.

(Docket No. 8-2, p. 2)

reported absence, even though they may be of no consequence. The parties to the CBA undoubtedly contemplated that they would arbitrate actual disputes, not absence reports. More importantly, the Arbitrator's interpretation of the CBA in this regard is arguably within the scope of the agreement. Misco, 484 U.S. at 38.

As to Petitioner's second argument, it is correct that the law commands a presumption of arbitrability when disputes arise as to the inclusion of matters within an arbitration clause. Gateway Coal Co. v. Mine Workers, 414 U.S. 368, 377 (1974). Our decision today is not to the contrary, and we reiterate the reasoning that defeats Petitioner's first argument. The CBA requires the Union to submit disputes to an authorized representative of the Union, who will then proceed to arbitrate the matter.[2] International would have the Union immediately arbitrate every single absence that appears in the recap report it sends the Union irregularly, regardless of whether the absences will be of any consequence. Failure to do so, avers International, constitutes a waiver on the part of the Union to later arbitrate the matter when sanctions are materially at issue, as is the case now. Petitioner would have the Court morph an arbitration clause into a waiver of arbitration. The Union

---

[2] Collective Bargaining Agreement. (Docket No. 8-2, p.2)

proceeded to arbitrate its claims in a timely fashion, and according to the provisions of the CBA. The Arbitrator's reading of the CBA is unreviewable on these grounds as well.

Petitioner also argues that the Arbitrator's reading of the CBA is against the public policy of expeditiously resolving labor disputes because it suggests that a party to a collective bargaining agreement should wait until a dispute reaches a critical threshold before resorting to arbitration. The Arbitrator's interpretation of the CBA suggests no such thing. It merely stands for the proposition that what is arbitrable are concrete, material disputes, and not notices, or the like, that may or may not provoke a dispute sometime in the future. Again, it is sound reasoning, legally and practically, for parties to refrain from clashing over matters that may turn out to be insignificant. Furthermore, it would certainly not serve efficiency and expediency to compel International and the Union to arbitrate every recap that reports a possibly disputable absence.

Petitioner's final argument is that the Magistrate Judge erred in interpreting the CBA agreement, and disregarded its main argument, that is, that the Arbitrator's award is contrary to the language of the CBA and ignores the arbitration clause. We have already held that the Arbitrator acted within the scope

of the agreement. <u>Misco</u>, 484 U.S. at 38.  That the Arbitrator did not express an opinion that is sufficient an explanation for Petitioner to be at rest, is not grounds for this Court to disturb that which, in Petitioner's own words, the parties bargained for; the Arbitrator's intervention, and not the Court's. <u>McCarthy v. Citigroup Global Markets, Inc.</u>, 463 F.3d 87 (1st Cir. 2006). The dispute was arbitrated, the Arbitrator entered her award, and there is no need for further Court intervention.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment is **DENIED**.

IT IS SO ORDERED.

In San Juan, Puerto Rico this 12th day of July, 2011.


<u>S/Jay A. García-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge